UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TU VAN PHAM and NU THI DO, § | |
| PLAINTIFFS, § | |
| § | CIVIL ACTION |
| vs. § | |
| § | No.: _____ |
| GABRIEL ALVARO ZICARI MUNOZ, § | |
| JMC TRANSPORTS, LLC and JMC § | |
| LOGISTICS SOLUTIONS, LLC. § | JURY DEMANDED |
| DEFENDANTS. § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW TU VAN PHAM and NU THI DO, Plaintiffs herein, and brings this action pursuant to 28 U.S.C. § 1332 for this action which sounds in tort and is a personal injury case based upon a collision between Defendants tractor-trailer and Plaintiff's car. Plaintiffs would show unto the Court as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332 as the matter in controversy exceeds the value of $75,000, exclusive of interests and costs; and is between citizens of different states.

2. Venue is proper as the acts complained of occurred in Smith County, Texas and is within this District.

## PARTIES

3. Plaintiff, TU VAN PHAM (hereafter "Mr. Pham"), and Plaintiff, NU THI DO (hereafter "Mrs. Do"), are married and are long-term residents of Avondale, Louisiana. Mrs. Do and Mr. Pham were travelling to Dallas to visit their children, and Mr. Pham was operating the family car and Mrs. Do was in the adjacent passenger seat.

4. Defendant GABRIEL ALVARO ZICARI MUNOZ (hereafter "Defendant Zicari"), who, upon information and belief, is a resident of Charlotte, North Carolina. Defendant Zicari was the operator of the tractor-trailer which struck the family car in which Plaintiffs were traveling. Defendant Zicari will be served by private process at his residence at 2041 Lawton Bluff Road, Charlotte, N.C., 28226-2933; telephone 336-521-4526.

5. Defendant JMC TRANSPORTS, LLC (hereafter "Defendant Transports") is a foreign limited liability company formed and operated under the laws of the state of North Carolina. Defendant Transports, upon information and belief, is the owner/lessee of the tractor operated by Defendant Zicari at the date and time of the accident complained of in this action. Defendant Transports will be served by private process upon its registered agent, Jorge Gonzalez, at 11607 Sunswept Lane, Charlotte, N.C., 28226-9630; telephone 704.399.0130 or at its principle place of business, at 4525 Keeter Drive, Charlotte, N.C., 28214; telephone 704.248.0334

6. Defendant JMC LOGISTICS SOLUTIONS, LLC (hereafter "Defendant Logistics") is a foreign limited liability company formed and operated under the laws of the state of North Carolina. Defendant Logistics, upon information and belief, is the owner/lessee of the trailer hauled by the tractor owned and/or leased by Defendant Transports at the date and time of the accident complained of in this action. Defendant Logistics will be served by private process upon its registered agent, Jorge Gonzalez, at 11607 Sunswept Lane, Charlotte, N.C., 28226-9630

or at its principle place of business, at 4525 Keeter Drive, Charlotte, N.C., 28214; telephone 704.248.0334.

## FACTUAL ALLEGATIONS

7.      At all times relevant, Mr. Pham and his wife, Mrs. Do, were residents of Avondale, Louisiana; having immigrated there almost two score years ago.  Mr. Pham had semi-retired from the construction industry, working in a self-employed capacity to stay busy.  Mrs. Do was also retired at the time of the accident, having also raised their six children.  Both Mrs. Do and Mr. Pham were enjoying a quiet, retired life; active with their extended family and their local church community up until the time of the accident.

8.      At all times relevant, Defendant Zicari was the operator of a tractor owned and/or leased by JMC Transports, LLC and hauling a trailer owned and/or leased by JMC Logistics Solutions, LLC.  Further, that Defendants were operating a commercial vehicle(s) engaged in interstate transportation and as such, Defendants and their employee(s), agent(s) and representative(s) owed Plaintiffs a duty of reasonable care.

9.       On August 15, 2013, Mr. Pham and Mrs. Do were travelling west on IH-20 in their family car near Lindale, Smith County, Texas.  Their car was in the inside lane of the two lane highway.  In the outside lane, the tractor-trailer operated by Defendant Zicari suddenly changed lanes and in doing so, struck Plaintiffs' car and forced it off the road and caused it to strike the center median wall.  Defendant Zicari continued to make the lane change and proceeded along IH-20 until contacted by a witness to the accident.

10.      Upon investigation, the responding police officer determined that Defendant Zicari was at fault for effecting an (i) unsafe lane change and (ii) driver inattention.  The impact of the two collisions was such that the family car was a complete loss.  Upon information and belief,

Defendant JMC Transports, LLC has (indirectly) compensated Plaintiffs for the loss of their car.

11. At all times relevant, Mrs. Do and Mr. Pham were wearing both their lap and shoulder safety belts. Both Mrs. Do and Mr. Pham suffered serious physical injuries and emotional anguish and distress as a result of this accident. Both Mrs. Do and Mr. Pham have unresolved health issues which will require future medical care, possibly to include surgery. As a result of his injuries, Mr. Pham has been substantially unable to continue to work in the construction field since the accident.

## CAUSE OF ACTIONS

12. Plaintiff incorporates by reference all factual allegations of paragraphs 7 through 11 above as though fully set forth at length herein, and asserts that the same are moving factors which have resulted in the filing of this action.

13. Defendants were operating a commercial vehicle(s) engaged in interstate transportation and as such, Defendants and their employee(s), agent(s) and representative(s) owed Plaintiffs a legal duty to exercise reasonable care in their conduct. The Defendants violated that duty by:

    a. Failing to exercise the degree of care that a reasonably careful person would use to avoid harm to others under the circumstances substantially similar to those described herein;

    b. In being negligent, careless and exercising a reckless disregard of Defendants' responsibilities in the following manner:

        (i) In Defendant Zicari failing to keep a proper lookout as would a person of ordinary prudence would have under the same or substantially similar circumstances.

        (ii) In Defendant Zicari failing to operate the tractor in a safe and proper manner in an effort to avoid the collision complained of.

        (iii) In Defendant Zicari failing to maintain an awareness of the traffic in proximity to his commercial vehicle(s) as a person of ordinary prudence would have under the same or substantially similar circumstances

(iv)     In Defendant Zicari failing to keep and maintain such distance from Plaintiffs' car as a person of ordinary prudence would have under the same or substantially similar circumstances.

(v)     In Defendant Zicari failing to apply the brakes to his commercial vehicle(s) in a timely and prudent manner in order to avoid the collision in question.

(vi)     In Defendant JMC Transports, LLC negligently entrusting Defendant Zicari to operate the tractor which it owned and/or leased.

(vii)     In Defendant JMC Logistics Supports, LLC negligently entrusting either or both Defendant Zicari and/or JMC Transports, LLC to operate and/or haul the trailer which it owned and/or leased.

(viii)     Both Defendants JMC Transports, LLC and JMC Logistics Supports, LLC may be held liable under the doctrine of *Respondeat Superior*.

14.     Plaintiffs Mrs. Do and Mr. Pham reserve the right to amend this pleading as evidence develops which further delineates the respective legal duties of the Defendants and/or the damages suffered as a result of the actions complained of herein.

## DAMAGES and RELIEF

15.     As a direct result of the accident and respective acts and omissions complained of herein, Plaintiffs have each suffered severe, disabling and permanent injuries from which they have not completely recovered. Your Plaintiffs have experienced physical pain and suffering, disfigurement, physical impairment, and associated serious mental distress and anxiety in the past; and in all reasonable probability, will continue to experience the same in the future.

16.     As a result of their physical injuries, Mrs. Do and Mr. Pham have incurred medical bills in the past and in all reasonable probability, will incur medical bills in the future.

17. In addition, as a result of his physical and psychological injuries, Mr. Pham has not been able to work construction since the accident and asserts a claim for past lost income and future diminished earnings.

18. Plaintiffs damages exceed the sum of $75,000 exclusive of interest and litigation costs.

19. Moreover, as a result of their respective injuries, Mrs. Do and Mr. Pham have suffered a loss of the enjoyment in the companionship and support developed after years of marriage and which has had a disruptive effect on their relationship.  Mrs. Do and Mr. Pham assert a claim for loss of consortium.

20. <u>Exemplary Damages</u>.  The actions by Defendant in Zicari, a licensed commercial driver, evince such want of care so as to manifest an extreme degree of risk in which there is a likelihood of serious injury to the plaintiff or substantially similarly situated persons; and of which Defendant Zicari knew or reasonably should have known about.   Consequently, Mrs. Do and Mr. Pham seek exemplary damages as to Defendant Zicari in an amount as may be found to be proper and just by a jury under the facts and circumstances of this case and as may be proven appropriate upon the evidence developed in this action.  Plaintiff would show that the conduct in this matter by Defendant Zicari was so egregious and wanton that exemplary damages are merited to punish the outrageous conduct of Defendant Zicari and as a public example to prevent repetition of the acts complained of.

21. Plaintiff request costs of court.

22. Plaintiff requests prejudgment interest at the maximum amount as permitted by law.

23. Plaintiff requests post judgment interest at the maximum amount as permitted by law.

24. Plaintiff seeks such other and further relief, general and special, legal and equitable, to which he may show himself justly entitled.

Plaintiffs hereby request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Mrs. Do and Mr. Pham, Plaintiffs, pray that Defendants answer this Complaint, that this matter be placed upon the District Court's jury trial docket.  Further, that Plaintiffs obtain all relief, both general and special, at law or in equity, to which they may show themselves to be justly entitled, including an award of compensatory and exemplary damages, court costs, prejudgment and post-judgment interest as permitted by law.

Date:  15th day of August, 2015.

Respectfully submitted,

   //s// David D. Davis
David D. Davis
State Bar No. 00790568

LAW OFFICE OF DAVID D. DAVIS, PLLC
P.O. Box 542915
Grand Prairie, Texas  75054
972.866.9900  Telephone
972.866.9902  Facsimile
ddd@dddavislaw.net

and

THE COLE LAW FIRM
Summit at Preston Trails
17103 Preston Road, Ste. 23ON
Dallas, Texas 75252
Tel. (972) 735-8412
Fax. (972) 735-8413

By: _____
BARBARA COLE
Texas Bar No. 00795947

**ATTORNEYS FOR PLAINTIFFS**